Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


)
MARTHA YANETTE MELENDEZ,              )                  No. 08-05-00343-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  346th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 990D04290)


MEMORANDUM OPINION

            Martha Yanette Melendez attempts to appeal the trial court’s denial of her motion for formal
sentencing. We dismiss the appeal for want of jurisdiction.
            In October of 2000, Appellant’s capital murder trial commenced in the trial court. During
the jury’s guilt-innocence deliberations, Appellant absconded to Mexico. The trial court continued
the trial in Appellant’s absence and the jury found Appellant found guilty of the lesser-included
offense of murder. The jury assessed punishment at life imprisonment. On October 11, 2000, the
trial court imposed sentence over defense counsel’s objection that Appellant was not present. The
trial court determined that Article 33.03 of the Code of Criminal Procedure authorized the court to
continue Appellant’s trial to its conclusion, and that its conclusion included sentencing. Appellant
did not appeal her conviction. 
            Sometime in 2005, Appellant was arrested in Mexico and extradited to Texas. On
September 15, 2005, Appellant filed a motion


 requesting that she be formally sentenced, and the
court held a hearing on the motion on September 22, 2005. The court denied the motion. Appellant
filed a notice of appeal expressing a desire to appeal “the hearing of September 22, 2005.”
            Following receipt of the notice of appeal, the clerk of the Court notified Appellant in writing
on December 12, 2005, that it appeared she was attempting to appeal from a non-appealable order
and that her appeal was subject to dismissal. The second paragraph of the letter went on to note that
since Appellant had not been sentenced in open court as required by Article 42.03 of the Code of
Criminal Procedure, the Court would treat the notice of appeal as prematurely filed pursuant to Rule
27.1(b). See Tex.R.App.P. 27.1(b)([i]n a criminal case, a prematurely filed notice of appeal is
effective and deemed filed on the same day, but after, sentence is imposed in open court). The letter
also informed the parties that the Court would afford forty-five days for formal sentencing.
            In response to that letter, the State filed a motion to rescind the December 12, 2005 letter and
dismiss the appeal for want of jurisdiction. The State particularly objects that the letter effectively
decided the merits of the issue presented by the case, that is, whether Article 33.03 permits the
sentencing of Appellant in absentia. Additionally, the State argues that the Court lacks jurisdiction
of any appeal from the trial court’s denial of Appellant’s motion for formal sentencing because it is
not an appealable order.
            Having reconsidered the issues, the Court finds that the State is correct. The trial court’s
refusal to sentence, or re-sentence, Appellant in open court is not an appealable order and the merits
of the trial court’s decision to sentence Appellant in absentia are not before the Court. We therefore
grant the State’s motion and rescind the second paragraph of our December 12, 2005 letter. The
appeal is dismissed for want of jurisdiction.


March 30, 2006                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)